UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STARLING,<br><br>    Petitioner,<br><br>v.<br><br>D. ASUNCION, Warden<br><br>    Respondent. | Case No. 1:17-cv-00216-LJO-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION AS TIME-BARRED (ECF NO. 11); AND**<br><br>**(2) DENY PETITIONER'S MOTION TO STAY AS MOOT (ECF NO. 2)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent D. Asuncion, Warden of California State Prison, Los Angeles County, is represented by Justain P. Riley of the Office of the California Attorney General.

**I.    Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Kern for attempted murder, assault with a firearm, and possession of a firearm by a

felon. (Lodged Doc. 1.) On July 6, 2012, he was sentenced to an indeterminate state prison term of forty six years to life. (Id.)

On November 14, 2014, the California Court of Appeal for the Fifth Appellate District affirmed the judgment. (Lodged Doc. 2). Petitioner did not seek review in the California Supreme Court.

Petitioner proceeded to file three petitions for writ of habeas corpus in the California state courts as follows[1]:

1. <u>Kern County Superior Court</u>
   Filed: December 10, 2015;
   Denied: April 7, 2016;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: June 13, 2016;
   Denied: June 30, 2016;

3. <u>California Supreme Court</u>
   Filed: July 12, 2016;
   Denied: October 12, 2016.

(Lodged Docs. 3-8.)

On February 12, 2017, Petitioner filed the instant federal petition for writ of habeas corpus and a motion to stay the petition and hold it in abeyance pending his exhaustion of unspecified claims in state court.[2] On April 6, 2017, Respondent filed a motion to dismiss. (ECF No. 11.) Petitioner filed no opposition and the time for doing so has passed. The matter stands ready for adjudication.

**II.    Statute of Limitations**

　**A.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); <u>see also</u> Rule 3(d) of the Rules Governing Section 2254 Cases.

[2] Although docketed on February 15, 2017, the petition and motion are deemed filed on February 12, 2017 pursuant to the mailbox rule. <u>See</u> supra n.1.

petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Statute of Limitations**

The instant petition was filed on February 12, 2017, and is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). AEDPA imposes a one-year statute of limitations on state prisoners seeking to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The commencement of the statute of limitations is governed by section 2244(d)(1).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins to run on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the Fifth District Appellate Court affirmed the judgment on November 14, 2014. (Lodged Doc. 2.) The time to seek direct review ended on December 24, 2014, when the forty-day period to seek review in the California Supreme Court expired. Cal. Rules of Court 8.366 and 8.500; Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The AEDPA statute of limitations began to run the following day, on December 25, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from December 25, 2014, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.[3] However, Petitioner delayed in filing the instant petition until February 12, 2017, long after the statute of limitations period expired. Thus, absent any applicable tolling, the instant petition is time-barred.

**C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[3] Petitioner does not set forth any facts to trigger an alternate commencement of the statute of limitations under 28 U.S.C. § 2244(d)(B)-(D) and the Court finds nothing in the record entitling him to a later start date.

4

pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the statute of limitations is not tolled during the period between finality of direct review and the filing of an application for post-conviction relief. <u>Nino</u>, 183 F.3d at 1007.

Respondent does not dispute that Petitioner's first state habeas petition was properly filed. However, she contends that the second and third petitions did not toll the statute of limitations because the second petition was unreasonably delayed, <u>see</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 199-201 (2006); <u>Saffold</u>, 536 U.S. at 222, and thus rendered both petitions improperly filed. The Court concludes that it need not determine whether the second and third petitions were improperly filed because the instant petition is time-barred, regardless of whether Petitioner is entitled to the benefit of continuous tolling from the filing of his first petition through the ruling on his third petition.

Petitioner's first state habeas petition was filed on December 10, 2015. (Lodged Doc. 3.) His third state habeas petition was denied on October 12, 2016. (Lodged Doc. 8.) Assuming Petitioner is entitled to continuous tolling during this interval, his limitations period would have been extended 307 days, from December 24, 2015 to October 26, 2016. Petitioner filed the instant federal habeas petition on February 12, 2017, or more than 108 days too late. The petition is time-barred.

**D.     Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560-62 (2010);

quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Here, Petitioner does not set forth any facts or argument to suggest he is entitled to equitable tolling and the Court finds nothing in the record entitling him to equitable tolling.

To the extent Petitioner claims he should be entitled to equitable tolling because he is uneducated and does not have knowledge of the law, his claim for equitable tolling fails. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances and lack of knowledge of the law are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary circumstance entitling Petitioner to equitable tolling.

**E. Conclusion**

Petitioner failed to file the instant petition within the one year limitations period required by 28 U.S.C. § 2244(d). The petition remains untimely even with the benefit of statutory tolling. Furthermore, Petitioner is not entitled to the benefit of equitable tolling.

Accordingly, the motion to dismiss should be granted and the petition should be dismissed as time-barred.

**III. Exhaustion**

Alternatively, Defendant argues that the petition should be dismissed because at least one of the claims contained therein is unexhausted. (ECF No. 11.) At the same time, Petitioner has moved to stay the case to allow him to pursue unexhausted claims in state court. (ECF No. 2.)

The Court has concluded that the petition is untimely and should be dismissed. Accordingly, there would be no purpose in granting a stay of proceedings to permit Petitioner to exhaust additional claims. The motion to stay is moot. The Court need not reach Respondent's arguments regarding exhaustion.

## IV.     Conclusion and Recommendations

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED;
2. Petitioner's motion to stay be DENIED; and
3. The petition for writ of habeas corpus be dismissed with prejudice as untimely.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 17, 2017             /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE